# IN THE DISTRICT COURT OF THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | |
|---|---|
| JUSTIN D. BEEVER, ANGELA BENALY, RICHARD EVANS, TRICIA M. FRANKLIN and JONATHAN L. PETERS, for themselves and all others similarly situated,　　Plaintiffs,　　v.　　LAD CORPORATION BK, an Illinois corporation and ALLEN C. EILERS,　　Defendants. | Case No.:<br>District Judge:<br>Magistrate Judge:<br><br>**JURY TRIAL DEMANDED ON ALL COUNTS** |

## COMPLAINT

**NOW COME** Plaintiffs, JUSTIN D. BEEVER, ANGELA BENALY, RICHARD EVANS, TRICIA M. FRANKLIN, and JONATHAN L. PETERS, for themselves and all others similarly situated, by Mahaffey & Lee, their attorneys, and complain of defendants, LAD CORPORATION BK, an Illinois corporation, and ALLEN C. EILERS, as follows:

### I. JURISDICTION AND VENUE

1. This action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, the Illinois Wage Payment and Collection Act, Missouri wage laws and Iowa wage laws and the federal common law to address the losses of the Plaintiffs and all others similarly situated resulting from the underpayment of wages and overtime wages.

2. Subject-matter jurisdiction over Counts I and II is conferred by 28 U.S.C. §§ 1331. Subject-matter jurisdiction over Counts III and IV is conferred by 28 U.S.C. §§ 1367. Subject-matter jurisdiction over Counts V through VIII is conferred by 28 U.S.C. §§ 1332.

Venue is proper under 28 U.S.C. § 1391(b). This court has personal jurisdiction over all defendants as they reside in this judicial district, and the events giving rise to plaintiffs' claims occurred in this judicial district.

## II. THE PARTIES

5. The plaintiffs are former hourly employees of the defendant corporation who did not receive prompt and full payment for their regular and overtime hours worked.

6. Defendant LAD Corporation BK is an Illinois corporation and Burger King franchisee with seven (7) stores located in Illinois, Iowa and Missouri.

7. Defendant Allen C. Eilers is a resident of Adams County, Illinois and is the principal owner of LAD Corporation BK.

## III. FACTS

8. All plaintiffs were paid hourly for their work at a rate of between $8.25 per hour and approximately $9.25 per hour, and worked 40 or more hours per week.

9. In the Spring of 2017, the plaintiffs began to notice that their paychecks were made out for less than the wages owed, and they alerted their General Manager, Julia Crider.

10. For example, if at the end of a pay period one of the plaintiffs had worked eighty (80) hours and fifty-nine (59) minutes, defendants would convert that time to 80.59 hours for the purposes of calculating the amount of wages owed, thereby shorting plaintiffs about one-half hour of straight time or overtime.

11. On May 23, 2017, Allen Eilers wrote a letter to the staff of Burger King #16283 in Quincy admitting that defendants were improperly calculating wages and that this practice dated back to May 2016.  See a copy of the letter, attached as Exhibit A. Discovery is needed to

evaluate any shortages prior to May 2016.

12. For only that franchise location, defendant issued supplemental checks for unpaid wages, and even those were short.

13. While the letter was sent only to the staff of Burger King #16283, defendant Eilers referenced that "we" switched computer systems in May 2016.

14. On information and belief, defendants used one central computer program to administer the wages for all seven (7) stores.

15. Therefore, by defendant's foregoing admission that the computer program caused the underpayments for the employees of Burger King #16283, he effectively admitted that all hourly employees of the corporation were being underpaid.

16. On information and belief, defendant employ approximately 210 hourly employees in three (3) states.

## IV. APPLICABLE STATUTES

### a. Fair Labor Standards Act

17. Under the Fair Labor Standards Act (FLSA), an employer must pay earned wages at the next scheduled pay period and must pay one and one-half times the employee's "regular rate" for hours worked in excess of 40 hours per week. 29 U.S.C. § 207(a).

18. The FLSA also prohibits an employer from discharging or in any other manner discriminating against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to the requirements of the FLSA. 29 U.S.C. § 215(a)(3).

19. An aggrieved employee can bring a civil action on behalf of themselves and other employees similarly situated. 29 U.S.C. § 216(b).

### b. Illinois Wage Payment and Collection Act

20. Under the Illinois Wage Payment and Collection Act (IWPCA), 820 ILCS 115/1 *et seq.*, defendants have a duty to pay plaintiffs their earned wages at least semi-monthly and no later than the next pay period after they were earned. 820 ILCS 115/3 and 4, respectively.

21. Also, an officer or corporate agent who knowingly permits such employer to violate the provisions of this Act shall be deemed the employer of the employees of the corporation. 820 ILCS 115/13.

22. An employee may bring a civil action if the employer has violated the IWPCA or if the employer has retaliated against the employee for reporting the violation, to the employer or an outside agency. 820 ILCS 115/14.

23. In Illinois, for an unpaid wages claim, the employee is entitled to recover his or her unpaid wages, a 2% per month penalty, costs of the action and reasonable attorney's fees. 820 ILCS 115/14(a).

24. For retaliation claims under the IWPCA, the employee shall recover "all legal and equitable relief as may be appropriate" as well as costs of the action and reasonable attorney's fees. 820 ILCS 115/14(c).

### c. Illinois Minimum Wage Law

25. The Illinois Minimum Wage Law (IMWL), 820 ILCS 105/1 *et seq.*, requires employees receive one and one-half times their "regular rate" for hour worked in excess of forty (40). 820 ILCS 105/4a.

26. An employee who has been paid less than that directed by the IMWL is entitled to bring a civil action against the employer. 820 ILCS 105/12(a). The employee is entitled to receive their unpaid wages, costs of the action, reasonable attorney's fees and a 2% monthly

penalty. *Id*.

### d. Missouri Wage Laws

27. Under Missouri law, an employer must pay employees $6.50 per hour or the federal minimum wage, whichever is higher. Missouri Revised Statutes, Title XVIII, Chapter 290, Section 502 (eff. Dec. 07, 2006).

28. The Missouri minimum hourly wage was $7.65 for 2015 and 2016, with an increase to $7.70 for 2017. https://labor.mo.gov/DLS/MinimumWage.

29. The federal minimum wage has been $7.25 since 2009. 29 U.S.C. § 206(a)(1).

30. An employee is also entitled to one and one-half times his or her hourly rate for hours worked in excess of forty (40) in a workweek. Missouri Revised Statutes, Title XVIII, Chapter 290, Section 505 (eff. Aug. 28, 2008).

31. Aggrieved Missouri employees are entitled to bring a private cause of action for their unpaid minimum and overtime wages, liquidated damages and attorney's fees and costs. Title XVIII, Chapter 290.527, Missouri Revised Statutes. (eff. Dec. 07, 2006).

### e. Iowa Wage Law

32. An employer is required to pay to employees a minimum wage of $7.25 if the employer generates more than $300,000.00 in gross sales. Iowa Code, Title III, Section 91D.1 - .2.

33. Iowa requires that all employees receive payment of their earned wages. Iowa Code, Title III, Section 91A.3.

34. Iowa does not have any statute requiring employers to pay employees one and one-half times their regular rate for hours worked in excess of forty (40) in a workweek.

35. An Iowa employee can bring a civil suit for damages against the employer if

they are underpaid wages. Iowa Code, Title III, Section 91A.8. If the employer's actions were willful, the employee will receive their unpaid wages, liquidated damages, court costs and reasonable attorney's fees. *Id.* If the employer's actions were not willful, the employee will receive his/her unpaid wages, court costs and reasonable attorney's fees. *Id.*

### Count I – All Plaintiffs
### FLSA
### Failure to Pay Overtime Wages

1-46.   Plaintiffs reallege paragraphs 1-46 of the Complaint as if stated fully herein.

47.   Plaintiffs and several other employees worked in excess of forty (40) hours in several pay periods from May 2016 to the present.

48.   The way in which Defendant improperly calculated hours worked caused its employees to receive less overtime compensation than they were entitled to receive, thereby reducing their individual overtime rates below one and one-half times their regular rate.

**WHEREFORE**, Plaintiffs for themselves and all others similarly situated, pray the court for judgment against Defendant LAD CORPORATION BK for: A) their unpaid overtime wages; B) liquidated damages; and C) attorney's fees and costs.

### Count II - Iowa Plaintiffs
### FLSA
### Failure to Pay Minimum Wages

1-46.   Plaintiffs reallege paragraphs 1-46 of the Complaint as if stated fully herein.

47.   By Defendants' systematically under calculating wages, and a majority of Defendants' employees being federal minimum wage employees, a failure to pay wages earned equates to a failure to pay the federal minimum wage, as required by the Fair Labor Standards Act.

**WHEREFORE**, Plaintiffs for themselves and all others similarly situated, pray the court for judgment against Defendant LAD CORPORATION BK for: A) their unpaid overtime wages; B) liquidated damages; C) attorney's fees and costs.

### Count III - Illinois Plaintiffs
### Illinois Wage Payment and Collection Act
### Semi-Monthly Wage Payments

1-46.   Plaintiffs reallege paragraphs 1-46 of the Complaint as if stated fully herein.

47.   Defendants failed to pay plaintiffs their earned wages at least semi-monthly as directed by 820 ILCS 115/3, and this failure was knowingly permitted by defendant Eilers.

**WHEREFORE**, Plaintiffs for themselves and all others similarly situated, pray the court: A) for a finding that defendants' actions were willful and B) for judgment against defendants, jointly and severally, in the amount of plaintiffs' unpaid wages and for all damages available under Section 3 of the IWPCA, which include attorney's fees, court costs and penalties.

### Count IV - Illinois Plaintiffs
### Illinois Wage Payment and Collection Act
### Payment Within 7 Days

1-46.   Plaintiffs reallege paragraphs 1-46 of the Complaint as if stated fully herein.

47.   Defendants failed to pay plaintiffs their earned wages within 7 days after the end of the weekly pay period in which the wages were earned as directed by 820 ILCS 115/4, and this failure was knowingly permitted by defendant Eilers.

**WHEREFORE**, Plaintiffs for themselves and all others similarly situated,  pray the court: A) for a finding that defendants' actions were willful and B) for judgment against defendants, jointly and severally, in the amount of plaintiffs' unpaid wages and for all damages available under Section 4 of the IWPCA, which include attorney's fees, court costs and penalties.

### Count V - Iowa Plaintiffs
### Iowa Code
### Failure to Pay Overtime Wages

1-46.   Plaintiffs reallege paragraphs 1-46 of the Complaint as if stated fully herein.

47.   By Defendants systematically under calculating wages they failed to properly pay overtime wages for those employees who worked in excess of forty (40) hours in a workweek.

**WHEREFORE**, Plaintiffs for themselves and all other similarly situated, pray the court for a finding that the Defendants' actions were willful and for judgment against Defendant LAD CORPORATION BK for: A) their unpaid overtime wages; B) liquidated damages; C) attorney's fees and costs.

### Count VI - Iowa Plaintiffs
### Iowa Code
### Failure to Pay Minimum Wages

1-46.   Plaintiffs reallege paragraphs 1-46 of the Complaint as if stated fully herein.

47.   By Defendants systematically under calculating wages, and a majority of Defendants' employees being Iowa minimum wage employees, a failure to pay wages earned equates to a failure to pay to employees the Iowa minimum wage, as required by the Iowa Code.

**WHEREFORE**, Plaintiffs for themselves and all other similarly situated, pray the court for a finding that the Defendants' actions were willful and for judgment against Defendant LAD CORPORATION BK for: A) their unpaid overtime wages; B) liquidated damages; C) attorney's fees and costs.

### Count VII - Missouri Plaintiffs
### Missouri Revised Statutes
### Failure to Pay Minimum Wages

1-46.   Plaintiffs reallege paragraphs 1-46 of the Complaint as if stated fully herein.

47.   By Defendants systematically under calculating wages, and a majority of Defendants' employees being Missouri minimum wage employees, a failure to pay wages earned equates to a failure to pay those employees the Missouri minimum wage, as required by the Missouri Revised Statutes.

**WHEREFORE**, Plaintiffs for themselves and all others similarly situated, pray the court for judgment against Defendant LAD CORPORATION BK for: A) their unpaid minimum wages; B) liquidated damages; C) attorney's fees and costs.

### Count VIII - Missouri Plaintiffs
### Missouri Revised Statutes
### Failure to Pay Overtime Wages

1-46.   Plaintiffs reallege paragraphs 1-46 of the Complaint as if stated fully herein.

47.   By Defendants systematically under calculating wages they failed to properly pay overtime wages for those employees who worked in excess of forty (40) hours in a workweek.as required by the Missouri Revised Statutes.

**WHEREFORE**, Plaintiffs pray the court for a finding that the Defendants' actions were willful and for judgment against Defendant LAD CORPORATION BK for: A) their unpaid overtime wages; B) liquidated damages; C) attorney's fees and costs.

JUSTIN D. BEEVER, ANGELA BENALY,
RICHARD EVANS, TRICIA M. FRANKLIN,
and JONATHAN L. PETERS, for themselves

and all others similarly situated.

By: s/William H.T. Lee
William H.T. Lee, 6300324
Mahaffey & Lee
COUNSEL FOR PLAINTIFFS
409 N. Cherry St.
Morrison, IL 61270
(815) 400 9496
(815) 400 9499 fax
*will@mahaffeyleelaw.com*